Dear Representative Theriot:
This office is in receipt of your request for an opinion of the Attorney General in regard to Act 89 of 1996 which provides in the title as follows:
 AN ACT to amend and reenact R.S. 38:291 (F)(1)(d) and (T) and to repeal R.S. 38:291 (F) (1 (c), to provide with respect to the territorial jurisdiction of the North Lafourche Conservation, Levee and Drainage District; to provide for the membership of the board of commissioners of that district; to delete provisions for shared jurisdiction for flood protection; and to provide for related matters.
R.S. 38:291 (T) under this act provides in paragraph (1) for the boundaries for the levee district to be known as the North Lafourche Conservation, Levee and Drainage District, and designates that it is that portion of Lafourche Parish bounded on the south by the northern bank of the Intracoastal Canal, the west by the western boundary of Lafourche Parish, on the east by the western bank of Bayou Lafourche, and on the north by the northern boundary of Lafourche Parish. Thereafter, Paragraph (2) states:
 The governor shall appoint, in accordance with the provisions of R.S. 38:304, nine persons from the Parish of Lafourche to serve as levee commissioners.
You asked whether individuals who live in Lafourche Parish can serve as commissioners on the North Lafourche Conservation, Levee and Drainage District when their residence is physically outside the geographic boundaries of the said district.
Also, you ask, if the ruling of the Attorney General is that members must reside within the geographic boundary of the levee district, what is the status of the action taken by the board of commissioners which consist of members living outside of the district. You inquire, "Are the actions taken by the board of commissioners null and void?"
Chapter 4 of Title 38 is entitled "Levee Districts" and thereunder Part I is "Definitions", Part II sets forth "Districts", and Part III is "General Provisions".
R.S. 38:291, which is in Part II setting forth various districts, provides in paragraph (T)(2) for the North Lafourche Conservation, Levee and Drainage District that the governor shall appoint nine persons from the Parish of Lafourche to serve as levee commissioners, but it additionally states that the appointments shall be "in accordance with the provisions of R.S.38:304".
R.S. 38:304, in Part III of General Provisions, provides for specified residency requirements the persons must have to be appointed to the commissions which, in addition to residency in the state the two preceding years, mandates the person "resided in the levee district the preceding year" and "reside in the district while serving as a member of the board".
Consequently, while R.S. 38:291 states there shall be appointment of nine persons from the Parish of Lafouche to serve as levee commissioners of the North Lafourche Levee District that provision further mandates the appointments must be in accordance with the provisions of R.S. 38:304 which requires residency in the levee district one year prior to appointment and continue to reside in the district while serving on the Board.
Thus, the persons appointed must not only live in Lafourche Parish but must live in the geographic boundaries of the District of that Parish. We find it significant to note that prior to the amendment the provision had required appointment of nine persons from the District with four being from east of Bayou Lafourche, four lying west of that Bayou and one from the District at Large. We find the amendment now makes the nine appointments from the district at large.
We, therefore, come to your question regarding the status of action taken by the Board which consisted of members living outside of the district, and find that those acts would be enforceable and valid.
This office has been faced on various occasions with the validity of the action taken during the period of invalid appointments, and with reliance upon Feinblum v. La. State Board of OptometryExaminers, 97 So.2d 657 (La.App. 1957), has concluded a person in possession of and actually performing the duties of an administrative officer under color or right of title is an officer de facto, and his acts have legal effect until his title to the office is directly attacked and is adjudged insufficient. Atty. Gen. Op. Nos. 96-59, 94-471 (A), 83-897.
We hope this sufficiently answers your inquiries, but if we can be of further assistance do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 By: ___________________________ BARBARA B. RUTLEDGE Assistant Attorney General
BBR